# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ENDURA PRODUCTS, INC., ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COLUMBIA ALUMINUM ) <br> PRODUCTS, LLC, ) <br> ) <br>     Defendant. ) <br> _____) | Civil Action No. 1:09-CV-170 <br><br> **COMPLAINT** <br><br> **(JURY TRIAL DEMANDED)** |

Endura Products, Inc. complaining of Columbia Aluminum Products, LLC, alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Endura Products, Inc. ("Endura") is a corporation organized under the laws of the State of North Carolina, with its principal place of business in Colfax, North Carolina.

2. Upon information and belief, Columbia Aluminum Products, LLC ("Columbia") is a corporation organized under the laws of the State of California, with its principal place of business in City of Commerce, California.

3. This is an action for patent infringement arising under the United States patent laws. This Court has federal question jurisdiction over Endura's patent infringement claims under 28 U.S.C. §§ 1331 and 1338. This is also an action for breach of contract. This Court has supplemental jurisdiction over Endura's breach of contract claim, as well as diversity jurisdiction over Endura's breach of contract claim under 28

U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00.

4.   This Court has personal jurisdiction over Columbia pursuant to N.C. Gen. Stat. 1-75.4, in that, upon information and belief, Columbia conducts substantial business activity in the State of North Carolina and in this judicial district and, in the course of such business activity, Columbia has engaged in the infringing and wrongful conduct described herein.  Furthermore, Columbia has contractually consented to the jurisdiction of this Court for resolution of claims alleged by Endura herein.

5.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400, and Columbia has contractually consent to this district as an appropriate venue.

## STATEMENT OF THE FACTS

6.   Endura is the owner of all rights, title and interest in United States Patent No. 5,426,894 ("'894 Patent"), entitled "Continuous Sidelight Sill With Adaptable Threshold Caps," which was duly and lawfully issued by the United States Patent and Trademark Office on June 27, 1995.  A copy of the '894 Patent is attached hereto and incorporated herein by reference as Exhibit A.  At the present time, without the benefit of discovery, Endura has not yet ascertained the full extent of Columbia's possible infringement of the '894 Patent.

7.   Endura is the owner of all rights, title and interest in United States Patent No. 5,588,266 ("'266 Patent"), entitled "Continuous Sidelight Sill With Adaptable Threshold Caps and Removable Paint Shield," which was duly and lawfully issued by the United States Patent and Trademark Office on December 31, 1996.  A copy of the '266

2

Patent is attached hereto and incorporated herein by reference as Exhibit B.

8. Endura is the owner of all rights, title and interest in United States Patent No. 5,611,173 ("'173 Patent"), entitled "Continuous Sidelight Sill With Adaptable Threshold Caps and Removable Paint Shield," which was duly and lawfully issued by the United States Patent and Trademark Office on March 18, 1997. A copy of the '173 Patent is attached hereto and incorporated herein by reference as Exhibit C.

9. On April 27, 2006, Endura filed a Complaint against Columbia for infringement of the '894 Patent, the '266 Patent, and the '173 Patent in the United States District Court for the Middle District of North Carolina, 1:06-CV-00395-WLO-PTS (herein "First Complaint"). Thereafter, Endura provided a copy of the First Complaint to Columbia.

10. After receipt of the First Complaint, Endura and Columbia agreed upon a settlement of the claims asserted in the First Complaint, and the parties executed a written settlement agreement (herein "First Settlement Agreement"). Pursuant to the First Settlement Agreement, Columbia agreed to cease and desist the use, offering for sale and/or selling of products that infringed the '894 Patent, the '266 Patent, and the '173 Patent, including but not limited to infringing sill cover products.

11. Following the execution of the First Settlement Agreement, Endura discovered that Columbia had resumed making, using, offering for sale, and/or selling in interstate commerce sill cover products that infringed the '266 Patent and the '173 Patent, without the consent or authorization of Endura, in violation of the parties' First Settlement Agreement.

3

12. On March 30, 2007, Endura filed a Complaint against Columbia for infringement of the '266 Patent and the '173 Patent, and for breach of the First Settlement Agreement in the United States District Court for the Middle District of North Carolina, 1:07-cv-245-UA-PTS (herein "Second Complaint"). Thereafter, Endura provided a copy of the Second Complaint to Columbia.

13. After receipt of the Second Complaint, Endura and Columbia agreed upon a settlement of the claims asserted in the Second Complaint, and the parties executed a written settlement agreement (herein "Second Settlement Agreement").

14. Endura has recently discovered that Columbia has resumed making, using, offering for sale, and/or selling in interstate commerce sill cover products that infringe the '266 Patent and the '173 Patent without the consent or authorization of Endura. Furthermore, Columbia's actions are in direct violation of the First Settlement Agreement and Second Settlement Agreement.

15. Columbia's unauthorized acts of making, using, offering for sale, and/or selling sill cover products that infringe the '266 Patent and the '173 Patent constitute both breach of contract as well as patent infringement, thereby entitling Endura to recovery of damages going back to Columbia's original acts of infringement.

**COUNT I: PATENT INFRINGEMENT – U.S. Patent No. 5,588,266**

16. Endura incorporates herein by reference the allegations of the above paragraphs, as if alleged fully herein.

17. Columbia has made, used, offered for sale, and/or sold in interstate commerce, without the authorization, consent or permission of Endura, products that

4

infringe the '266 Patent.

18.     At all times relevant to this action, Columbia has possessed actual knowledge of Endura's '266 Patent. Despite its knowledge of the '266 Patent, Columbia has continued its infringing activities as described herein.

19.     Upon information and belief, Columbia has actively induced and contributed to infringement of the '266 Patent by encouraging its customers and prospective customers, including individuals within this judicial district, to purchase, use, offer for sale and/or sell products covered by claims in the '266 Patent.

20.     Columbia's infringement has been willful, intentional and deliberate, with knowledge of and in conscious disregard of the '266 Patent.

21.     Columbia's infringement of the '266 Patent has caused, and will continue to cause, damage and irreparable harm to Endura unless Columbia's continuing infringing activities are enjoined by this Court.

22.     Endura has no adequate remedy at law.

**COUNT II: PATENT INFRINGEMENT – U.S. Patent No. 5,611,173**

23.     Endura incorporates herein by reference the allegations of the above paragraphs, as if alleged fully herein.

24.     Columbia has made, used, offered for sale, and/or sold in interstate commerce, without the authorization, consent or permission of Endura, products that infringe the '173 Patent.

25.     At all times relevant to this action, Columbia has possessed actual knowledge of Endura's '173 Patent. Despite its knowledge of the '173 Patent, Columbia

5

has continued its infringing activities as described herein.

26. Columbia has actively induced and contributed to infringement of the '173 Patent by encouraging its customers and prospective customers, including individuals within this judicial district, to purchase, use, offer for sale and/or sell products covered by claims in the '173 Patent.

27. Columbia's infringement has been willful, intentional and deliberate, with knowledge of and in conscious disregard of the '173 Patent.

28. Columbia's infringement of the '173 Patent has caused, and will continue to cause, damage and irreparable harm to Endura unless Columbia's continuing infringing activities are enjoined by this Court.

29. Endura has no adequate remedy at law.

## COUNT III: BREACH OF CONTRACT

30. Endura incorporates herein by reference the allegations of the above paragraphs, as if alleged fully herein.

31. Endura and Columbia have entered into two separate, valid and enforceable contracts (herein "Settlement Contracts") for the settlement of Endura's patent infringement claims in the First Complaint and Second Complaint.

32. In consideration for entering into the Settlement Contracts, Columbia agreed to cease and desist the selling of products that infringed Endura's '864 Patent, '266 Patent, and '173 Patent, and Endura agreed to dismiss all its claims in the First Complaint and Second Complaint without prejudice.

33. Since entering into the Settlement Contracts, Columbia has resumed

making, using, offering for sale, and/or selling sill cover products that infringe the '266 Patent and '173 Patent in direct breach of the Settlement Contracts.

34. As a result of Columbia's breach of the Settlement Contracts, Endura has and will continue to sustain damages until Columbia's wrongful acts of breach of contract and associated infringement are stopped.

35. Endura is entitled to damages, attorneys' fees, and costs as a result of Columbia's breach of the Settlement Contracts.

## PRAYER FOR RELIEF

WHEREFORE, Endura respectfully prays that this Court grant the following relief:

1. That the Court preliminarily and permanently enjoin Columbia from making, using, assembling, importing, selling or offering for sale, or inducing others to make, use, sell or offer for sale, products that infringe the '266 Patent and/or the '173 Patent;

2. That the Court preliminarily and permanently enjoin Columbia from further breaches of the First Settlement Agreement and Second Settlement Agreement;

3. That Endura have and recover damages from Columbia pursuant to 35 U.S.C. § 284, including interest from the date of first infringement;

4. For an award of enhanced damages up to three times the amount of the compensatory damage award pursuant to 35 U.S.C. § 284;

5. That the Court tax Columbia with Endura's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

6. That the Court tax Columbia with all costs of this action;

7. That the Court order the impounding and destruction of all products in Columbia's possession, custody or control that infringe the '266 Patent and/or the '173 Patent, and of all products that can be used to make or advertise the infringing products;

8. That the Court enter an order finding Columbia in breach of the First Settlement Agreement and Second Settlement Agreement, and award damages, attorneys' fees, and costs for Columbia's acts of breach of contract;

9. A jury trial on all matters so triable; and

10. Such other and further relief as the Court deems just and proper.

This the 9th day of March, 2009.

/s/Robert D. Mason, Jr.
Jack B. Hicks (N.C. BAR NO. 14129)
Robert D. Mason, Jr. (N.C. BAR NO. 29337)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
*Attorneys for Endura Products, Inc.*
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3600
Facsimile: (336) 726-9093
jhicks@wcsr.com
rmason@wcsr.com